**In re: Sandra JONES, Petitioner**

No. 01–4312.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Dec. 28, 2001.

Decided Jan. 17, 2002.

Before MANSMANN, ALITO, and MCKEE, Circuit Judges.

PER CURIAM.

## OPINION

Sandra Jones seeks a writ of prohibition pursuant to 28 U.S.C. § 1651. She requests an order barring the State of Delaware from reinstating criminal charges against her that were dismissed, "creating future charges" and retaliating against her for exercising her right to appeal. Jones also asks the Court to order the criminal charges expunged from her record and award her the costs related to various court filings.

In April of 2001, the grand jury indicted Jones, charging her with felony theft and financial exploitation of an infirm adult. According to a Delaware Chancery Court opinion in a related civil action, Jones developed an intimate relationship with Eugene Trotter, a 57–year–old man with cognitive limitations. Jones is in her thirties and teaches special education. While Trotter does not recall offering to convey property to Jones, Jones claims he offered to convey to her the property where he lived with his mother.

Jones drafted a deed that purported to convey property owned by Eugene Trotter to Jones for $1.00. After realizing Eugene Trotter's mother, Myrtle Trotter, owned the property, she drafted a power of attorney so that Eugene could convey the property on his mother's behalf. Myrtle Trotter, who also has cognitive limitations, executed the power of attorney. Although the deed was not revised, the conveyance was recorded and Jones took out a mortgage on the property.

She began charging the Trotters rent. The Trotters sued Jones and in August of 2001, the Chancery Court ordered that the deed did not effectively convey the property. The Delaware Supreme Court affirmed.

In the criminal proceedings, the indictment was dismissed without prejudice in July of 2001. It appears the State of Delaware appealed the dismissal, then voluntarily dismissed the appeal and then obtained a superseding indictment. Jones petitioned for a writ of prohibition in the Delaware Supreme Court and the Delaware District Court to, among other things, preclude any further action in the criminal case. Jones claims that after the appealed the Chancery Court's order in the civil action, judicial officials retaliated against her by having the State of Delaware reinstate the charges and that reinstatement is improper.[1]

The writ of mandamus has traditionally been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *In re Patenaude*, 210 F.3d 135, 140 (3d Cir.2000)(quoting *In re Chambers Dev. Co.*, 148 F.3d 214, 223 (3d Cir.1998)). The writ is a drastic remedy that is seldom issued and its use is discouraged. *Id.* A petitioner must show he has no other means to attain the desired relief and the right to a writ is clear and indisputable. *Id.* at 141.

Applying these standards, Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials. *See, e.g., Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988)(addressing petition for relief against state court judge). Furthermore, there is no indication the State will file charges against Jones and if it does so improperly, Jones may seek relief by an appeal in the event of a judgment against her. *See Chambers*, 148 F.3d at 226 (writ of mandamus should not be issued where relief is available through an appeal). With respect to the request for an order to expunge her record, Jones has not shown she is unable to seek relief in state court. Finally, mandamus is not warranted to award Jones the costs of her various court filings. The petition for a writ of mandamus will be denied.[2]

---

**1.** Jones sought relief in this Court because the district court has not ruled on her petition and her criminal trial date was approaching. The State of Delaware, however, subsequently filed a notice of nolle prosequi dismissing the charges. Jones then filed a Motion for Relief in Lieu of the State's Dismissal stating she still seeks the relief outlined above. For the reasons set forth below, the Motion for Relief is denied.

**2.** Jones has moved to amend her petition to add that she invokes the Court's jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. To the extent Jones is attempting to add a civil rights claim to her petition, such a claim first must be presented in district court. Jones has a pending civil rights action in the Delaware district court, D. Del. Civ. No. 01–cv–00747. The motion to amend is denied. In addition, Jones' motion for appointment of counsel is denied.